BARRETT *vs.* THE STATE.

1. In a case of assault and battery, fourteen witnesses were summoned by
the State to sustain the character of the prosecutor, but none of them was
called on the trial, the prosecutor having died two or three months previ-
ous thereto : *Held,* that the defendant having been convicted, should be
taxed with the costs of their attendance, it not being shown that they
were summoned after the death of the prosecutor, nor that his death was
known to the solicitor.

ERROR to the Circuit Court of Bibb.
Tried before the Hon. NATHAN COOK.

WALTER BARRETT, the plaintiff in error, was convicted at
the Spring term, 1853, of the Circuit Court of Bibb, of an
assault and battery on one Thomas Muse, and was fined $75.

On a subsequent day of the term, he moved the court to exclude from the bill of costs taxed against him the items taxed for the subpœnas and attendance of fourteen witnesses, and showed, in support of his motion, that not one of them was examined on the trial, although they were all subpœnaed by the State, and were in attendance on the court during the trial. "The State, by its solicitor, then showed that said witnesses were subpœnaed for the purpose of sustaining the character of the prosecutor, Thomas Muse, and that they were summoned by leave of the solicitor. The defendant showed, in reply, that said Muse had been dead two or three months before the present term of the court. On these facts, the defendant moved the court to exclude the costs and fees of said witnesses from the bill of costs; but the court overruled the motion, and ordered said costs to be taxed against said defendant; to which decision of the court said defendants excepts," &c.

I. W. GARROTT, for the plaintiff in error, contended, that the costs of the attendance of these witnesses should not have been taxed against the defendant; that the State was bound to know and take notice of the death of the prosecutor, and should have discharged its witnesses; that the defendant could not have discharged them, and should not be held responsible for the consequences of the State's failure; that witnesses could not be called to sustain the character of a prosecutor merely, as he was not necessarily a witness. He cited Marshall v. Layton, 2 Harr. 344; Dean v. Williams, 6 Hill's (N. Y.) R. 376; Dowling v. Bush. 6 Howard's Practice R. 410; Taylor v. Mc Mahan, 2 Bailey 131.

M. A. BALDWIN, Attorney General, contra :

1. A party has the right to call as many witnesses as he deems necessary to support his case. No general rule is laid down, in criminal cases at least; and the court will not interfere, unless there is evidence of oppression. All witnesses summoned are entitled to pay, whether examined or not.—1 Binney 46; 11 Pick. 241; 2 Bailey 131; 3 Har. & McH. 101; 3 Yeates 558.

2. Our statute does not limit the number of witnesses in criminal cases, as in civil cases.—Code § § 3568, 3569. In

civil cases there is no limit, where the witnesses are summoned, as in this case, to sustain character.—*Ib.* §2393.

3. The bill of exceptions does not show that the death of the prosecutor was known to the solicitor before the trial.

GOLDTHWAITE, J.—There is no ground disclosed by the record, which would have authorized the court below to give any other judgment than it did, as, in the absence of anything appearing to the contrary, we must suppose that the law was complied with, and that the witnesses to which the motion referred were either marked upon the indictment, or directed to be summoned by the solicitor, under section 3561 of the Code.

The fact that the record shows that they were summoned to sustain the character of the prosecutor, and that he was dead before the trial, does not affect the question, as it does not appear that they were summoned after his death, nor that that fact was known to the solicitor. The Code (§ 2392), in civil cases, authorizes the summoning of more than two witnesses to defend the reputation of a witness or party; and, in other cases, rests it with the discretion of the court, to determine whether the circumstances of the case warranted the summoning of more than that number to the same fact. In criminal cases, the law has invested the solicitor with the discretion of directing the clerk to summon such witnesses as he may think the interest of the State demands, although not marked upon the indictment, (§ 3561,) and even if he abused that discretion, we incline to the opinion, that the witnesses attending in obedience to the subpoena would be entitled to their pay; here, however, there was no pretence of the kind, and the motion was properly overruled.

Judgment affirmed.